[No. 4619.]

## CHARLES C. ROHRLE v. JOHN S. STIDGER.

CONSTRUCTION OF CONTRACT.—R. assigned to S. a note and mortgage given
him by H., and the two entered into a contract in writing, in which it
was stated that S. had advanced to R. $11,014.32, in payment of which
R. had sold him the note and mortgage, and that S. was willing that R.
should receive the benefit of any surplus the note might yield over and
above the amount sufficient to reimburse S., and that S. should be
protected against any attachments or garnishments served on him, and
that S. might sell the note and mortgage at any time upon giving R.
thirty days' notice, and that R. might purchase back the note and mort-
gage by paying S. the money advanced and interest at one and one-quarter
per cent. per month. S. sold after giving thirty days' notice. *Held*,
that the transfer to S. was by way of security, and that the sale was not
absolute, and that S. must account to R. for the surplus in his hands.

APPEAL from the District Court, Fifteenth Judicial Dis-
trrict, City and County of San Francisco.

Stidger was the owner of five promissory notes given him
by Strahle & Hughes, on the 29th of August, 1868. One
for $4000, payable on the 29th day of August, 1870; one for
$5000, payable August 29, 1871; one for $5000, payable
August 29, 1872; one for $5000, payable August 29, 1873;
and one for $3000, payable August 29, 1874. The notes
bore interest at eight per cent. per annum, and were se-
cured by mortgage. The following contract explains the
nature of the transaction between the plaintiff and the de-
fendant:

"This agreement, made this 7th day of January, 1871,
between Charles C. Rohrle and John S. Stidger, both of the
city and county of San Francisco, Cal., witnesseth:

"First. Whereas said Stidger has advanced and paid
to and for said Rohrle, at his request, the sum of eleven
thousand and fourteen dollars and thirty-two cents, in
United States gold coin, in payment of which said Rohrle
has sold and transferred to said Stidger a certain mortgage,
together with the promissory notes secured thereby; said
mortgage was executed by Jacob Strahle and M. E. Hughes,
and duly recorded in the recorder's office of said city and

county, in mortgage-book 239, pages 61, 62 and 63, August 31st, 1868.

" Second. And whereas, the amount due and to grow due on said notes and mortgage exceeds the sum thus advanced and paid by said Stidger by several thousand dollars; although the present cash value of the same is not considered equal to the face of said indebtedness, the said Stidger is willing that the said Rohrle shall receive the benefit of any surplus said notes and mortgage may yield, over and above an amount sufficient to fully protect and reimburse said Stidger.

"It is therefore agreed between the parties hereto:

"Third. That on payment by said Rohrle to said Stidger of said sum of $11,014.32, in United States gold coin, with interest from the date of this agreement, at the rate of one and one-half per cent. per month, payable in like gold coin, on said sum, together with any costs, disbursements and expenses that said Stidger shall or may be compelled to pay out, or incur in the collection, care or management of said notes or mortgage, or in protecting the property covered by said mortgage, said Stidger agrees to sell and transfer to said Rohrle said mortgage, together with such of said notes as at that time may remain unpaid, subject to the following provisos: First. In case said Rohrle shall elect to purchase back said mortgage and notes, said Stidger shall credit him, as a payment on said purchase-money, with any sum said Stidger may have collected on said notes, less the expenses of collection.    Second. In such transfer to said Rohrle, should he elect to purchase said notes and mortgage, said Stidger shall be protected against any attachments or garnishments that have been, or may be made upon or against said notes and mortgage, either by retaining an interest therein, or by other satisfactory security.    Third. Said Stidger shall not be bound to hold said notes and mortgage for any particular length of time in order to allow said Rohrle to purchase the same; but, in case he desires to sell the same, shall give said Rohrle the preference in the purchase, and for that purpose shall give him thirty days' notice in writing, either personally or by depositing such notice in the post-office, addressed to said Rohrle.

"Fourth. In addition to the amounts above specified to be paid by said Rohrle in case he elects to purchase said notes and mortgage, he shall pay the further sum of four hundred dollars, gold coin, in the event that said Stidger shall pay said sum for said Rohrle to Messrs. Wheeler & McQuade, which payment said Stidger is hereby authorized to make.

"Fifth. In case at any time before said purchase by said Rohrle, above spoken of, said Stidger should be compelled to pay any sum or sums of money to satisfy any debt or demand against said Rohrle, for which an attachment or execution may have issued, then such sum, with interest, shall be added to the said $11,014.32, and they together shall constitute the price for which said Rohrle shall purchase back said notes and mortgage.

"Sixth. If interest is paid punctually on said notes of Strahle & Hughes monthly, then the interest herein stipulated in favor of said Stidger, in case of a repurchase of said mortgage and notes by said Rohrle, shall be estimated at one and one-quarter ($1\frac{1}{4}$) per cent. per month.

" In witness whereof, each of said parties have hereto set their hands and seals the day and year first above written.

"JOHN S. STIDGER.
" CHAS. C. ROHRLE."

March 29, 1871, Stidger gave Rohrle written notice that it was his intention to sell the notes and mortgage, and that he might purchase the same at any time in thirty days. Rohrle not having purchased, Stidger sold the same after the thirty days had expired. It was alleged in the complaint that Stidger realized from the sale, and from interest paid him, a large surplus over and above the various sums due him under the contract, and judgment was asked for the same. The court below held that the agreement imported an absolute sale from R. to S., and that S., having given the notice required, could sell to whom he pleased, and that the proceeds of sale belonged to him, and rendered judgment for the defendant.

The plaintiff appealed.

*Provines & Johnson,* for the Appellant.

*A. M. Crane,* for the Respondent.

By the COURT:

The contract recited that Stidger was willing that Rohrle should receive the benefit of any surplus which the notes and mortgage might yield over and above the amount sufficient to reimburse Stidger for moneys advanced for Rohrle. This amounts to a stipulation that the surplus should go to the benefit of Rohrle. By another clause of the contract the right of the creditors of Rohrle to attach the surplus in the hands of Stidger, is recognized in terms—that, in case of a retransfer to Rohrle "Stidger shall be protected against any attachments or garnishments that have been *or may be made* upon or against said notes and mortgage," etc. We think that the transfer by Rohrle to Stidger must be held to have been intended by the parties not as absolute in its character, but by way of security merely.

Judgment reversed, and cause remanded for a new trial.